

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2003

# USA v. Belique-Emilia

Precedential or Non-Precedential: Non-Precedential

Docket 02-2396

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Belique-Emilia" (2003). *2003 Decisions.* Paper 643.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/643

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2396

UNITED STATES

v.

IVENCIO-BELIQUE-EMILIA,

Appellant

ON APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS

(Dist. Court No.  01-cr-00037)
District Court Judge: Raymond L. Finch

Argued November 13, 2002

Before: SCIRICA, ALITO and RENDELL, <u>Circuit Judges</u>.

(Opinion Filed:  April 17, 2003)

DARWIN K. CARR (argued)
Law Offices of Douglas L. Capdeville
2107 Company St., Lot #4
Christiansted
St. Croix, U.S.V.I. 00803

*Counsel for Appellant*

DAVID M. NISSMAN
United States Attorney

CARL F. MOREY (argued)
Assistant U.S. Attorney
1108 King Street
Christiansted
St. Croix, U.S.V.I. 00820

*Counsel for Appellee*

OPINION OF THE COURT

PER CURIAM:

Ivencio Belique-Emilia, a citizen of the Dominican Republic, was convicted of stowing away on a vessel, in violation of 18 U.S.C. § 2199. In this appeal, he argues that venue was not proper in the District of the Virgin Islands and that the evidence presented at trial did not prove his guilt beyond a reasonable doubt. We affirm.

I.

In June 2001, the Sussex, a tugboat registered in the British Virgin Islands, took a scheduled voyage from Beef Island, Tortola, British Virgin Islands, to Rio Haina, Dominican Republic, to St. Croix, United States Virgin Islands, and finally to Virgin Gorda, British Virgin Islands. While the Sussex was docked overnight at Rio Haina, Belique-Emilia and a companion secretly boarded the boat and concealed themselves in the forepeak of the boat. The following day, as the Sussex was steaming in international waters off the coast of Puerto Rico, Belique-Emilia and his companion left their hiding place and went to the galley to ask for a drink of water. After they were given water, the ship's captain, Wade Sterling Rivers, requested that they "return where they came from." App. at

2

40. The two stowaways complied with the captain's request and remained in the forepeak as the Sussex continued on her voyage to St. Croix, United States Virgin Islands. When the Sussex entered the harbor at St. Croix, Captain Rivers informed the authorities that there were stowaways onboard his vessel, and shortly thereafter Belique- Emilia was taken into custody by Inspector David Soria of the United States Immigration and Naturalization Service.

Belique-Emilia was charged with the misdemeanor of stowing away on a vessel, in violation of 18 U.S.C. § 2199. He consented to a bench trial before a magistrate judge and then filed a motion to dismiss, claiming that venue was not proper in the District of the Virgin Islands. The motion was denied. At the close of government's evidence, Belique-Emilia filed a motion for judgment of acquittal, but his motion was was denied, and he was found guilty. After Belique-Emilia's post-conviction motion for judgment of acquittal was also denied, the magistrate judge sentenced him to time served and ordered him to pay a special assessment of $25 and restitution in the amount of $1,697. Belique-Emilia's conviction was affirmed by the District Court of the Virgin Islands, and this appeal followed.

## II.

### A.

Belique-Emilia claims that venue was not proper in the District of the Virgin Islands because he was arrested in international waters by the captain of the Sussex. Appellant's Br. at 13. We exercise plenary review over questions of venue. United States

v. Passodelis, 615 F.2d 975, 978 n.6 (3d Cir. 1980).  The United States bears the burden of proving venue by a preponderance of the evidence.  United States v. Perez, 280 F.3d 318, 330 (3d Cir. 2002).

Because Belique-Emilia was convicted of an offense that was "begun or committed"outside  the United States[1], venue is governed by 18 U.S.C. § 3238, which provides in pertinent part:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be *in the district in which the offender*, or any one of two or more joint offenders, *is arrested or is first brought*; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

(Emphasis added).

Thus, Section 3238 provides that venue for offenses that originate "out of the jurisdiction of any particular State or district" is in the district where "the offender . . . is arrested or first brought."  Id.  The language "arrested or first brought" recognizes a distinction between offenders who are arrested in a district and those who are "first brought" into a district.  Accordingly, an offender who is "first brought" into a district must have been arrested somewhere other than in the United States.  This interpretation of Section 3238 has been adopted by both the Second and the Ninth Circuits.  United States v. Liang, 224 F.3d 1057, 1060-61 (9th Cir. 2000); United States v. Catino, 735 F.2d 718, 724

---

[1]Belique-Emilia's offense began in the Dominican Republic where he "boarded, entered, [and] secreted himself" on the Sussex.

(2d Cir. 1984).

Here, venue in the District of the Virgin Islands was proper whether, as the government argues, Belique-Emilia was first arrested by INS Inspector Soria after Belique-Emilia entered St. Croix or whether, as Belique-Emilia maintains, he was first arrested by Captain Rivers in international waters. If the arrest occurred on St. Croix, venue in the District of the Virgin Islands was proper because Belique-Emilia was arrested in that district. Similarly, if the arrest occurred in international waters, venue in the District of the Virgin Islands is still proper because that is the district into which Belique-Emilia was first brought after the arrest. We thus reject Belique-Emilia's venue argument.

There is some language in Belique-Emilia's brief that calls to mind a related argument that Belique-Emilia might have made. Belique-Emilia's brief argues that he was arrested "at a time when he had not violated any law of the United States." Appellant's Br. at 13. This language suggests the argument that Belique-Emilia was improperly convicted because he was arrested before he committed one of the necessary elements of the offense with which he was charged. However, Belique-Emilia has not explicitly raised or adequately developed any such argument. His brief does not even tell what element might not have been satisfied. Belique-Emilia's argument relates only to venue, and for the reasons noted above, we are convinced that venue was proper.

### B.

Belique-Emilia next argues that there was insufficient evidence presented at trial to support his conviction under 18 U.S.C. § 2199. In reviewing Belique-Emilia's claim

of insufficiency of the evidence, we consider the evidence in the light most favorable to the verdict. United States v. Gricco, 277 F.3d 339, 349 (3d Cir. 2002). We must sustain the verdict if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id.

Section 2199 provides as follows:

Whoever, without the consent of the owner, charterer, master, or person in command of any vessel, or aircraft, with intent to obtain transportation, boards, enters or secretes himself aboard such vessel or aircraft and is thereon at the time of departure of said vessel or aircraft from a port, harbor, wharf, airport or other place within the jurisdiction of the United States; or

Whoever, with like intent, having boarded, entered or secreted himself aboard a vessel or aircraft at any place within or without the jurisdiction of the United States, remains aboard after the vessel or aircraft has left such place and is thereon at any place within the jurisdiction of the United States

. . . .

Shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 2199.

The first paragraph of Section 2199, which applies to an offender who stows away onboard a vessel and then remains onboard during her departure from a "port, harbor, wharf . . . or other place within the jurisdiction of the United States," clearly does not apply to Belique-Emilia, since he did not depart from any place within that country. Rather, Belique-Emilia was convicted under the second paragraph, which requires the prosecution to prove the following elements: (1) the offender boarded the vessel within or without the jurisdiction of the United States; (2) without the consent of the owner, charterer, master, or

6

person in command[2]; (3) with the intent to obtain transportation; (4) remained onboard after the vessel embarked; and (5) was onboard while the vessel was any place within the jurisdiction of the United States. Id. Belique-Emilia attacks the sufficiency of the evidence on two grounds. He argues that there was insufficient evidence (a) to prove the identity of the perpetrator and (b) to prove that he intended to obtain transportation. Neither argument is persuasive.

On the issue of identification, Captain Rivers was asked at trial whether he "recognize[d] the person seated at this table there?" App. at 41. The Captain replied that he did. Id. INS agent Soria also made an in court identification. Id. at 47-48. The magistrate judge who presided over the trial wrote, in his order of November 1, 2001, that "[t]he identification of the defendant, as made by Captain Rivers and INS agent Soria was clear to the court. Each indicated that they recognized the defendant and motioned in his direction." Id. at 23. We hold that the evidence of identity was sufficient.

On the element of intent to obtain transportation, a rational trier of fact could infer that Belique-Emilia and his companion intended to obtain transportation when they secretly boarded the Sussex and hid in the forepeak. A rational trier of fact could reject the alternative explanations suggested in Belique-Emilia's Reply Brief (at 5-6), i.e., that he

---

[2]Although the element of lack of consent is not explicitly set out in the second paragraph, we assume that this element is subsumed in the phrase "with like intent" in that paragraph. Any other reading of the second paragraph would lead to absurd results. For example, a ticketed passenger who lawfully entered the United States after an international flight to an airport in this country would violate the second paragraph.

entered the Sussex to sleep, to take a tour of the vessel or to hide from someone.

We have considered all of Belique-Emilia's arguments, and find no basis for reversal.

## III.

For the foregoing reasons, we will affirm the order of the District Court entered on May 2, 2002.